## Statement of the Case.

Action by Benjamin G. Elser against Henry L. Hughes to recover commissions for the sale of real estate. From a judgment in favor of plaintiff, defendant brings error.

GEORGE E. DAWSON, for plaintiff in error.

HOYNE, O'CONNOR & IRWIN, for defendant in error; CARL J. APPELL, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 37*—*when broker is procuring cause of sale.* In an action to recover commissions for the sale of real estate, where the plaintiff procured a purchaser who made an offer which the owner declined to accept and the owner afterwards through another closed the deal on the terms of the offer, evidence *held* to justify a finding that plaintiff was the procuring cause of the sale.

2. BROKERS, § 67*—*when part payment of commissions by check, not an accord and satisfaction.* Finding that broker's acceptance of a check given for commissions stating on its face "In full of all demands" did not constitute an accord and satisfaction, *held* sustained by the evidence where the evidence showed a concealment by the owner as to whom he sold the property and indicated bad faith and an intention on the part of the owner to deprive the broker of his commission.

---

## Frank Orminski, Defendant in Error, v. Takla Kania, Plaintiff in Error.

### Gen. No. 18,576.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 4, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

### Statement of the Case.

Action by Frank Orminski against Takla Kania in forcible detainer to recover possession of premises leased by plaintiff to husband of defendant and possession retained by defendant after her husband's death. From a judgment in favor of plaintiff, defendant brings error.

FRANK H. JANISZESKI, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 477*—*when widow of lessee not entitled to notice to quit.* Where a lessee for a term of years dies and thereafter his widow with their minor child remains in possession and pays rent until the end of the term, widow is not a tenant from month to month so as to require lessor to give notice before suing for possession, but is subject to an action brought against her under R. S. c. 57, ¶ 4, § 2, as one holding under the lessee.

2. LANDLORD AND TENANT, § 477*—*when widow of tenant bound by terms of lease.* Where a lessee for a term of years dies during the term, the widow in her capacity as heir inherits an interest in the lease as "real estate" and is bound by its covenants requiring surrender of possession at the termination of the lease.

3. FORCIBLE ENTRY AND DETAINER, § 51*—*joinder of parties.* Where heirs are bound severally by the provisions of a lease, forcible detainer will lie against one heir without joining the others.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.